UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

NICO SALAS,
f/k/a MICHAEL ROZALES,

Petitioner,

v.

SHERYL RAMSTAD HVASS,
Commissioner of Corrections,

Respondent.

Civil No. 01-1025 (ADM/JGL)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY WRIT SHOULD NOT BE GRANTED**

Petitioner, a prisoner of the State of Minnesota, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging the constitutionality of his sentencing by the state district court for Dakota County.

Respondent is directed to make a Return in writing within 30 days from the date of this order, certifying the true cause and proper duration of Petitioner's confinement, and showing cause why the writ should not be granted.

The Return shall be filed with the Court and shall include:

1. Such affidavits and exhibits as are needed to demonstrate the proper duration of Petitioner's confinement;

2. A reasoned memorandum of law and fact explaining why Respondent believes the writ should not be granted, and setting forth Respondent's recommendation as to whether an evidentiary hearing should be conducted in this matter;

3. A certified copy of such of the following as may be material to the issues raised by the petition: the Indictment, the plea, the judgment, the trial record, or, if the

JUN 12 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

petitioner pleaded guilty, a transcript of the proceedings at which he pleaded guilty, as well as any other written materials that may be germane to the issues presented in the petition.

The Court notes that Petitioner did not file a motion seeking post-conviction relief in the state courts until more than one year after his conviction became final on direct review and more than one year after the enactment of the Anti-terrorism and Effective Death Penalty Act. It therefore appears that the instant petition could be time-barred under the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). See Painter v. State of Iowa, 247 F.3d 1255, 1255 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year [limitations] period"). If Respondent believes that Petitioner is currently ineligible for habeas corpus relief under § 2254 because his petition is untimely, Respondent may raise that defense by filing a motion to dismiss in lieu of a Return addressing Petitioner's claims on the merits. If Respondent does file such a motion, Respondent will be excused from filing a more complete Return until ordered to do so.

Based on the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

Within 30 days after the date of this order, Respondent shall file either (a) a written Return to Petitioner's application for a writ of habeas corpus, consistent with the terms of this order, or (b) a motion to dismiss the petition on the grounds that the petition

is time-barred under 28 U.S.C. § 2244(d).

Dated: June 12, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge