**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**NICO SALAS f/k/a Michael Rozales,**

Petitioner,

v.

**SHERYL RAMSTAD HVASS,**
**Commissioner of Corrections,**

Respondent.

---

Civil No. 01-1025 (ADM/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Bradford W. Colbert, Esq., for Petitioner Nico Salas

Lawrence F. Clark, Esq., Assistant Dakota County Attorney, for Respondent Sheryl Ramstad Hvass

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner Nico Salas' Petition pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. The matter has been referred to the undersigned for a Report and Recommendation pursuant 28 U.S.C. § 636 and D. Minn. LR 72.1(c).

## I. Factual and Procedural Background

On May 5, 1993, a Dakota County jury found Petitioner Nico Salas guilty of five counts of criminal sexual conduct in the first degree and eight

FILED JAN 0 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

counts of criminal sexual conduct in the third degree. The facts at trial showed that Salas forced a fourteen year-old victim to have vaginal, anal, and oral sex with him. Salas also sexually assaulted a fourteen year-old friend of the victim. The trial court sentenced Salas to 158 months on each count of criminal sexual conduct in the first degree, to be served consecutively. The Minnesota Court of Appeals reversed the sentence and remanded the case to the district court for resentencing. On October 11, 1994, Salas was resentenced by the district court, which imposed sentences of 316 months, 86 months, 86 months, and 86 months, all to be served consecutively. The district court modified the total sentence to 480 months, however, which was the statutory maximum. The court did not explicitly refer to the patterned sex offender statute but made statements during the hearing that paralleled the statutory language.

On July 8, 1998, Salas filed a petition for post-conviction relief, claiming that the district court had no basis for sentencing him under the patterned sex offender statute. After two evidentiary hearings, the district court issued a new sentencing order on May 5, 1999, sentencing Salas to a term of 300 months for the first victim and a second term of 300 months for the second victim, both pursuant to Minn. Stat. § 609.1352.[1] However, the

[1] This statute, which is the patterned sex offender statute, was recodified in 1998 as Minn. Stat. § 609.108.

court then modified the sentences downward to a maximum term of 480 months in accordance with Minn. Stat. § 609.15, subd. 2.[2] The court further ordered that the sentences were to be served consecutively. Salas appealed the May 5, 1999 order to the Minnesota Court of Appeals, which affirmed the sentence on April 4, 2000. The Minnesota Supreme Court denied review on June 13, 2000.

Salas filed his habeas corpus petition in federal court on June 7, 2001, challenging the sentence imposed on May 5, 1999. In this Court's Order to Show Cause dated June 12, 2001, the Court noted that Salas did not file a motion seeking post-conviction relief in the state courts until more than one year after his conviction became final on direct review and more than one year after the enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The Court observed that the procedural deficiency meant that Salas' petition might be time-barred under the one year statute of limitations set forth in 28 U.S.C. § 2244(d). See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). The Court granted Respondent permission to address the statute of limitations issue in a motion to dismiss. Respondent filed both a motion to dismiss and a separate response to the habeas petition on August 17, 2001.

---

[2] Subdivision 2 was amended in 1992, but formerly provided that consecutive sentences for terms of imprisonment other than life imprisonment could not exceed forty years. The subdivision as amended in 1992 applies only to crimes committed after August 1, 1992. Salas committed his crimes before that date.

**II. Timeliness of the Petition**

The AEDPA imposes a one year statute of limitations on filing petitions for writs of habeas corpus. See 28 U.S.C. § 2244(d). Generally, the one year period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). Respondent argues that the one year period in the present case began to run on April 24, 1996, which was the effective date of the AEDPA, because Salas' conviction became final before the AEDPA was enacted. See Snow v. Ault, 238 F.3d 1033, 1034 (8th Cir. 2001). Thus, Respondent contends that the time for Salas to seek federal review of his conviction expired on April 24, 1997. However, as Salas explains in his memorandum in support of his petition, he is not challenging the conviction or original judgment. Salas is contesting only the sentence imposed on May 5, 1999.

Salas' position is correct. The grounds for a habeas petition predicated on an alleged sentencing error do not arise, indeed cannot arise, until the sentence has been imposed. See Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000) ("The plain meaning of [§ 2244(d)] supports the conclusion that the statute of limitations runs from the date of the resentencing judgment and not the date of the original judgment."). In this

case, the challenged sentence was imposed on May 5, 1999. Salas could not have contested the sentence before that date.

## III. Salas' Apprendi and Due Process Arguments

Habeas corpus is a federal remedy for a state prisoner's challenge to the legality of his or her detention. See Preiser v. Rodriguez, 411 U.S. 475, 485-86 (1973). Federal courts may entertain a habeas corpus petition only on the grounds that a prisoner's incarceration violates the United States Constitution or other federal law. See 28 U.S.C. § 2254(a); Wycoff v. Nix, 869 F.2d 1111, 1113 (8th Cir. 1989). In this case, Salas contends his right to due process was violated by the sentence imposed on May 5, 1999. Specifically, Salas asserts that the sentencing court relied on a flawed report from Dr. Peter Marston in finding Salas a patterned sex offender. According to Salas, the report was flawed because Dr. Marston based his conclusion on unproven and uncharged incidents of sexual misconduct. Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Salas contends that his right to due process was violated because the district court did not obtain proof beyond a reasonable doubt that Salas was a patterned sex offender.

Dr. Marston completed a presentence investigation report after the verdict in May 1993. At that time, Dr. Marston was not instructed to consider whether Salas qualified as a patterned sex offender. After Salas filed his petition for post-conviction relief in July 1998, however, the Dakota County

District Attorney's Office requested that Dr. Marston reevaluate Salas in light of the patterned sex offender statute. The County Attorney submitted supplemental materials to Dr. Marston including the trial testimony of the two juvenile victims and investigative reports of alleged sexual abuse for which Salas was never prosecuted. On October 16, 1998, Dr. Marston issued a written report in which he found that Salas fit the profile of a patterned sex offender. Dr. Marston testified at the subsequent sentencing hearing that while the materials submitted by the County Attorney were consistent with his opinion, he did not rely on that information in reaching his conclusion. The district court in turn relied on Dr. Marston's report in resentencing Salas as a patterned sex offender.

### A. Salas Has Exhausted State Remedies

Before a federal court will consider a state prisoner's habeas petition, the prisoner must exhaust available state remedies. See 28 U.S.C. § 2254(b)(1)(A). In this case, Salas has exhausted his state remedies. Although Salas appealed to the Minnesota Court of Appeals and Minnesota Supreme Court before the United States Supreme Court decided Apprendi, Salas presented the substance of his claim to the state courts, which is all that is required for exhaustion. See Picard v. Connor, 404 U.S. 270, 276-77 (1971).

**B. Apprendi Does Not Apply Retroactively**

In Apprendi, the United Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490. Defendant Apprendi pleaded guilty to possession of a firearm for an unlawful purpose, a second-degree offense. See id. at 469. The applicable statute provided for a penalty of five to ten years, but the sentencing court sentenced Apprendi to an enhanced term of twelve years under a separate hate crime statute, concluding that a preponderance of the evidence showed that his crime was motivated by racial bias. See id. at 470-71. The Supreme Court held that the hate crime statute was unconstitutional, reversed the sentence, and remanded the case for resentencing. See id. at 491-97.

The Supreme Court decided Apprendi on June 26, 2000. Salas was sentenced on May 5, 1999. Although Apprendi is retroactively applicable on direct review, it is not retroactively applicable on collateral review, which includes consideration of this § 2254 habeas petition. See United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001) (in the context of a § 2255 habeas petition, holding Apprendi does not apply retroactively to cases on collateral review); see also Burch v. Corcoran, 273 F.3d 577, 584 (4th Cir. 2001) (same with respect to a § 2254 petition); Lowery v. Anderson, 14 Fed.

Appx. 643, 644-45 (7th Cir. 2001) (same). Consequently, Salas' habeas petition should be denied on this basis.

### C. The Sentence Does Not Otherwise Violate Due Process

Salas asserts that Dr. Marston erroneously relied on unproven allegations in determining that Salas was a patterned sex offender and that the sentencing court erroneously relied on Dr. Marston's report when it sentenced him as a patterned sex offender. Because Apprendi is not retroactively applicable, the Court must determine whether the trial court otherwise violated Salas' right to due process when it sentenced him. The Court finds that it did not.

Sentencing procedures must comply with due process. See Gardner v. Florida, 430 U.S. 349, 358 (1977) (cxplaining, however, that "[t]he fact that due process applies does not, of course, implicate the entire panoply of criminal trial procedural rights."). Prior to Apprendi, a sentencing court could rely on unprosecuted conduct, uncharged conduct, pending charges, or cvcn conduct of which the defendant was acquitted without violating due process. See United States v. Watts, 519 U.S. 148, 151-53 (1997) (citations omitted); United States v. Otto, 64 F.3d 367, 371 (8th Cir. 1995); United States v. Morse, 983 F.2d 851, 854 (8th Cir. 1993); United States v. Sweet, 985 F.2d 443, 446 (8th Cir. 1993).

In this case, the County Attorney asked Dr. Marston to reevaluate Salas in 1998 and submitted supplemental materials to the doctor for consideration. The materials included trial testimony from the two victims, police reports of allegations of sexual abuse for which Salas was never prosecuted, a consultation report from the Midwest Children's Resource Center, and a letter from Salas' probation officer. Dr. Marston concluded that Salas met the criteria of a patterned sex offender, but explicitly told the sentencing court that while the additional materials were consistent with his conclusion, he did not rely on that information in making his determination. Dr. Marston further stated that his opinion was based on Salas' prior convictions, including one for criminal sexual conduct with a minor in 1982, and on Salas' own admissions made during interviews with Dr. Marston in 1993 and 1998, including that he impregnated a thirteen year-old girl.

The Court finds that Dr. Marston's reliance on Salas' prior convictions and Salas' own admissions in concluding that Salas met the statutory criteria of a patterned sex offender did not violate due process.

Likewise, the sentencing court's reliance on Dr. Marston's report did not violate due process. Salas' petition for a writ of habeas corpus should be denied.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1) Respondent's Motion to Dismiss (Doc. No. 8) should be **GRANTED**; and

(2) Petitioner Nico Salas' Petition pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) should be **DENIED**, and the matter should be **DISMISSED WITH PREJUDICE**.

Dated: January 8, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by Jan 28, 2002, a copy of written objections which specifically identify the portions of the Report or Recommendation to which objection is being made, the basis for the objections, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All

briefs filed under this rule shall be limited to ten pages. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.