UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nico Salas, f/k/a Michael Rozales,

Petitioner,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1025 ADM/JGL

Sheryl Ramstad Hvass,
Commissioner of Corrections,

Respondent.

---

Bradford W. Colbert, Esq., Legal Assistance to Minnesota Prisoners, on behalf of Petitioner.

Lawrence F. Clark, Esq., Assistant Dakota County Attorney, on behalf of Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Nico Salas' Objections [Doc. No. 14] to the January 8, 2002, Report and Recommedation ("R&R") of Magistrate Judge Jonathan G. Lebedoff [Doc. No. 13]. In the R&R, Judge Lebedoff recommends dismissing the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Judge Lebedoff's R&R is adopted in part and the Petition is dismissed.

## II. BACKGROUND

On May 5, 1993, a Minnesota State District Court jury found Petitioner Nico Salas ("Salas") guilty of thirteen counts of criminal sexual conduct involving two juvenile victims. The trial court sentenced Salas to five consecutive sentences of 158 months, totaling 790 months. The Minnesota Court of Appeals reversed the sentence and remanded for re-sentencing. *State v.*

FILED 3-7-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 3-7-02
DEPUTY CLERK

*Rozales*, No. C8-93-2157, 1994 WL 263346, at *2 (Minn. Ct. App. June 14, 1994) (remanding and recommending application of the patterned sex offender statute, Minn. Stat. § 609.1352 (1990)).

After the re-sentencing, in July 1998, Salas petitioned the state court for post-conviction relief, arguing that because Dr. Peter Marston[1] did not conclude in his June 1993 assessment that Salas was a patterned sex offender, the district court had no basis for concluding that he was a patterned sex offender. The district court granted hearings on the petition. On May 5, 1999, the district court sentenced Salas to a prison term of 600 months under Minnesota's patterned sex offender statute, modified to a term of 480 months, the statutory maximum sentence under Minn. Stat. § 609.15, subd. 2 (1990). The Minnesota Court of Appeals affirmed. *See State v. Rozales*, No. C2-99-1132, 2000 WL 343186 (Minn. Ct. App. April 4, 2000). The Minnesota Supreme Court denied review on June 13, 2000. Further factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purpose of Salas' present objections.

---

[1] As a portion of the 1993 pre-sentence investigation, Dr. Peter Marston had conducted a psychosexual evaluation of Salas. Upon the prosecutor's request, Dr. Marston re-evaluated Salas in light of Minnesota's patterned sex offender statute. In a written report of October 16, 1998, and in testimony at a December 7, 1998, hearing, Dr. Marston indicated that Salas met the criteria of the patterned sex offender statute. *See State v. Rozales*, No. C2-99-1132, 2000 WL 343186, at *2 (Minn. Ct. App. April 4, 2000). Dr. Marston admitted that "although he reviewed several additional documents, not reviewed in 1993, that contained unproved allegations of sexual misconduct by [Salas], the additional documents were not the basis for his conclusion but were merely consistent with [Salas'] known conviction history." *Id.*

## III. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

In his first objection, Salas contends that his petition was timely filed. The R&R adopted Salas' position and dismissed his Petition on other grounds. *See* R&R, at 4, 9-10.

Next, Salas argues that the sentencing court violated his constitutional right to due process, as elucidated by *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[2] The R&R declined to apply the principles of *Apprendi*, relying on Eighth Circuit authority that *Apprendi* is not retroactively applicable on collateral review. *United States v. Moss*, 252 F.3d 993, 998 (8th Cir. 2001); *see also Burch v. Corcoran*, 273 F.3d 577, 584 (4th Cir. 2001). Salas objects, asserting that his conviction and sentence had not yet become final when *Apprendi* was decided.

Under the non-retroactivity principle, a federal court may not grant habeas corpus relief to a state prisoner based on a rule announced after his conviction and sentence became final. *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994). For purposes of the retroactivity analysis, a state conviction and sentence becomes final "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a

---

[2] In *Apprendi*, the U.S. Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." 530 U.S. at 470.

timely filed petition has been finally denied." *Id.* at 590. The Minnesota Supreme Court denied Salas' petition for review on June 13, 2000. Salas' conviction and sentence became final 90 days thereafter, on September 11, 2000, when his time for filing a writ of certiorari had elapsed. *See* 28 U.S.C. § 2101(c). On June 26, 2000, the U.S. Supreme Court decided *Apprendi*. Thus, the new rule of *Apprendi* was announced before Salas' conviction and sentence became final, rendering the non-retroactivity principle inapplicable. The portion of the R&R holding that *Apprendi* is not applicable in this case due to retroactivity is rejected. However, this rejection does not necessarily lead to the conclusion that Salas is entitled to habeas corpus relief. Salas' Petition fails for other reasons.

In his final objection to the R&R, Salas argues that his sentencing process violated due process because, he alleges, the trial court relied on uncharged and unproven accusations of sexual crimes to sentence him. The facts found by the state court do not support Salas' contention. *See Purkett v. Elem*, 514 U.S. 765, 769 (1995) ("In habeas proceedings in federal courts, the factual findings of state courts are presumed to be correct, and may be set aside, absent procedural error, only if they are not fairly supported by the record.") (internal quotation marks omitted); *see also* 28 U.S.C. §§ 2254(d)(2) & (e). The state court relied on Dr. Marston's testimony that although unproven allegations of sexual misconduct were consistent with Salas' history, they did not constitute the basis for Dr. Marston's conclusion that Salas is a patterned sex offender. *Rozales*, 2000 WL 343186, at *4. The record reflects that Dr. Marston found sufficient information, based on Salas' 1983 and 1993 convictions for criminal sexual conduct, and his admission that he impregnated a 14-year old girl, to conclude that Salas met the criteria

of the patterned sex offender statute.[3] *Id.* The state court concluded that Dr. Marston's report and testimony were based on Salas' conviction history. *Id.* The state court's findings are fairly supported by the record. In addition to his conviction history, Salas was convicted of thirteen counts of criminal sexual conduct in 1993. Taking into account prior convictions for sentencing does not violate due process. *See Apprendi*, 530 U.S. at 470 (noting that the "fact of a prior conviction" is an exception to its holding); *Jones v. United States*, 526 U.S. 227, 248 (1999) (stating that prior convictions require no proof to a jury beyond reasonable doubt, because convictions must "have been established through procedures satisfying fair notice, reasonable doubt, and jury trial guarantees").

Moreover, because Salas' sentence does not exceed the statutory range authorized by the jury's verdict, *Apprendi* does not apply. *Apprendi* only applies where a non-jury factual determination increases the maximum sentence beyond the statutory range authorized by the jury's verdict. *See United States v. Aguayo-Delgado*, 220 F.3d 926, 933-34 (8th Cir. 2000); *United States v. Chavez*, 230 F.3d 1089, 1091 (8th Cir. 2000) (holding *Apprendi* inapplicable where defendant's sentence did not exceed the statutory maximum without regard to non-jury factual determinations). For the crimes of which he was convicted, the maximum sentence that may be imposed upon Salas is 480 months, the sentence he received. *See Rozales*, 1994 WL 263346, at *1 (citing Minn. Stat. § 609.15, subd. 2 (1990)). Salas' due process rights were not violated.

---

[3] Dr. Marston testified that at the time of his 1993 evaluation, he was not instructed to evaluate whether Salas met the criteria of the patterned sex offender statute. *See Rozales*, 2000 WL 343186, at *4.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Judge Lebedoff's R&R [Doc. No. 13] is **ADOPTED** in part;

(2) Petitioner's Objections to the R&R [Doc. No. 14] are **DENIED** in part; and

(3) The Petition for Habeas Corpus under 28 U.S.C. § 2254 is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: March 7, 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd