UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NICO SALAS, f/k/a MICHAEL ROZALES,

Petitioner,

ORDER

v.

Civil No. 01-1025ADM/JGL

SHERYL RAMSTAD HVASS,
COMMISSIONER OF CORRECTIONS,

Respondent.

---

On June 7, 2001, Petitioner filed a petition for habeas corpus (Doc. No. 1). In a Report and Recommendation (R&R) dated January 8, 2002, Magistrate Judge Jonathan G. Lebedoff recommended that Petitioner's habeas corpus petition be dismissed. After considering Petitioner's objections to Judge Lebedoff's R&R, this Court adopted the R&R and dismissed the habeas corpus petition. (Doc. No. 16)

On March 28, 2002, Petitioner filed a Notice of Appeal (Doc. No. 18) from the Order, accompanied by a Motion for Certificate of Appealability (Doc. No. 19), as required by 28 U.S.C. §2253. For the reasons set forth below, Petitioner's request for a Certificate of Appealability is granted.

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first obtaining a Certificate of Appealability ("COA"). 28 U.S.C. §2253(c)(1)(A); Fed.R.App.P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2); see Tiedman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A COA will not be granted simply because an

APR 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD

appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

In this case the Petitioner has met his burden under 28 U.S.C. §2253(c)(2) and Petitioner's Request for a Certificate of Appealability is GRANTED.

Dated: April 15, 2002

JUDGE ANN D. MONTGOMERY
UNITED STATES DISTRICT COURT